**KRIZANEK et, Plaintiffs-Appellees, v. KRIZANEK et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 10116.   Decided May 14, 1952.

Marshman, Hollington & Steadman, Cleveland, for plaintiffs-appellees.

Edmiston & Zellmer, for defendants-appellants.

(DOYLE, J, of the Ninth District sitting by designation in place of HURD, J.)

## OPINION

By DOYLE, J.:

The following motion is presented to this Court for decision:

"Now comes the defendant-appellant, K. McKinley Smith, by and through his attorneys, Edmiston and Zellmer, Esq., and moves this Honorable Court for an order staying all proceedings in this cause in the Court of Common Pleas of Cuyahoga County, Ohio, until such time as the appeal pending in this Court in this cause is finally determined herein."

It appears in the record that pursuant to motions in the Court of Common Pleas to advance this case for trial, judges of that court sustained the said motions and the case was ultimately ordered advanced for trial. From the last order on the motion to advance, appeal was taken to this court on the stated ground that the granting of the motion constituted an abuse of discretion. The motion in this Court set out above, is filed pursuant to this appeal.

We are of the opinion that the order of the judge who advanced the case for trial to a day certain does not constitute an abuse of discretion and is not an appealable order. He performed only a ministerial act which determines none of the substantial rights of the parties.

The fact is that when the case comes on for hearing, the trial judge will have before him every part of the litigation and it will be his duty within his jurisdiction to stay the proceedings or to hear the case upon a showing there made, which will include the question of the necessity of taking depositions and a determination of other substantive rights of the parties. In fact there is now pending in the Court of Common Pleas a motion to stay the proceedings which will come before that trial judge based upon said grounds.

The trial court's ruling on the now pending motion to stay the proceedings, may or may not constitute an abuse of discretion. If it does, it may be an appealable order—certainly it would constitute error. However, the motion has not as yet been heard and there is nothing before this court except the order placing the case on the active list and the motion heretofore set forth.

It is not the province of the Court of Appeals to supersede the powers vested originally in the trial court and which

powers that court has had as yet no opportunity to exercise. The motion will be denied.

SKEEL, PJ, THOMPSON, J, concur.